FILED 7 APR '22 10:18USDC-ORP

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF OREGON

JOSEPH EUGENE ALLEN )          District Case No.   6:22-cv-00542-YY
     Plaintiff, )

)          CLASS ACTION ALLEGATION
     v. )                  VERIFIED COMPLAINT

)

CHAPLAIN THOMPSON )
CHAPLAIN STALHNECKER )
CORRECTIONAL OFFICER STEWART )
     Defendants. )

**I.**

A. Have you brought any other action or appeal in a court of the United States while a prisoner?

**II.**

A.    Place of confinement: <u>Oregon State Penitentiary, 2605 State St., Salem, OR. 97301</u>

B.    Is there a prisoner grievance procedure in this institution?

       Yes

C.    Have you filed a grievance concerning the facts relating to this complaint?

       Yes

   If your answer is no, explain why not:

<u>This action is not related to this institution</u>

## III. PARTIES

A.    Name of Plaintiff:

Security Identification No.

Address: <u>OSP, 2605 State St., Salem, OR. 97301</u>

Defendants:

PLAINTIFF

*Pro se* Plaintiff, is and was at all times mentioned herein a prisoner at Oregon State Penitentiary, located at: 2605 State St., Salem, OR 97310.

DEFENDANTS:

Defendant, Dennis Stahlnecker is a Chaplain of the O.S.P. Located at: 2605 State St., Salem, OR 97310

Defendant, Karuna Thompson is a Chaplain of the O.S.P. Located at: 2605 State St., Salem, OR 97310

Defendant, Correctional Officer Stewart is a Correctional Officer of the O.S.P. Located at: 2605 State St., Salem, OR 97310

They are being sued in their individual capacity.

## CLAIM 1

The following civil right has been violated:

### CLASS ACTION ALLEGATION

I'm suing Chaplain Dennis Stalhnecker and Kuruna Thompson in their individual capacity in a Class Action Claim for violating my and every NOI's AIC's 1st Amendment Establishment Clause Right was violated by them when they canceled the Friday Obligatory Congregational Nation of Islam Congregational Jumma Prayer Service from January 3rd, 2020, through April 3rd, 2020. Our Right to attend the NOI Service without any Chaplin being Hostile towards our Religion by canceling the Service for 90 days was clearly established.

1)      On January 23rd, 2020, I filed a grievance against Stalhnecker and Thompson for canceling the January 10th 2020, Friday Jumma Congregational Prayer Service.

2)      On February 6th, 2020, I filed a grievance against Stalhnecker and Thompson for canceling the January 24th, 2020, Friday Jumma Congregational Prayer Service.

3)      In their February 21st, 2020, grievance response they said the following (Exhibit 1):

> "On December 31st, due to noise issues of disrespectful language at a high volume continuing from August of 2019 through December 2019 the Nation Of Islam group was suspended due to safety and security concerns. Because this was a group issue and not the behavior of a single individual the whole group was suspended."

4)      Their above reason is false where it stems from their false allegations that Dameion Douglas was being loud and using vulgar language while he and another AIC was entering the room where Jumma is held on October 18th, 2019. I'm a witness to the fact that when he entered into the room, on said date, I and two other AIC's were already in the room and  he was by himself when he entered into the room and was not talking loud or using vulgar language. It is a sin to curse during any Muslim Jumma Congregational Prayer Service and he has never cursed or used loud language during any Jumma Services.  More importantly, they lied when they accused the next door United Pentecostal Church (UPC) volunteer Doug Lethin of "politely" coming over and asking anyone in the NOI Jumma Service, to "please be quiet" on said date or any other date (Exhibit 2):

> "On October 18th at some time after 1300 hrs, Mr. Douglas and one other Adult in Custody went into their assigned room to do their Jumma Prayer. They were the only people in the room. Mr. Douglas and the other AIC were being very loud and using vulgar language as they went into their room. The volunteer in the room next door went to the room and politely asked Mr. Douglas and the other AIC to please be quiet. It should be mentioned this has happened many times in the past

on numerous occasions, and Mr. Douglas was warned about extreme noise. On this occasion, Chaplian Thompson saw what happened, and told Mr. Douglas and the other AIC that they had 15 minutes to complete their prayer time. It should be mentioned that they were given more than 15 minute to read their sermon before I (Chaplian Stahlnecker) let them know their time was up. If Mr. Douglas continues to be loud and disruptive in his Chapel service, he will be escorted out of the Chapel area. "

5)    On January 27th, 2020, Doug Lethin a letter vehemently denying their false allegations evidence that he politely asked anyone to be please quiet (Exhibit 3):

"First let me say, I couldn't have been written a letter by a nicer person that I have known as a casual acquaintance. I received your letter yesterday. When I saw the letter was from OSP I didn't recognize the name. A picture speaks a thousand words though and I would recognize you anywhere. I will commit your name to memory, certainly your last name shouldn't be too difficult! There is certainly a misunderstanding, and I will do what I am able. If anything, I was concerned that I was the one that was loud. I've always greeted you and those that meet next to our service with the utmost respect and consideration. As we share a room separated by a folding wall, I know our exuberance can be heard as well and I don't want to disrespect your time of meeting. Chaplain Dennis is my direct supervisor over our service time and schedule, and when our Primary volunteer, Toomey Hoover, is not able to make the service, Toomey will ask me to fill in. In reviewing my calendar, I was at OSP on October 18, 2019, and filling in for Toomey Hoover. I haven't ever had to ask you or your group to be quiet, in fact, as stated I make it my duty out of respect to greet and request your consideration if I am getting too loud. I don't recall anything out of the ordinary that day and I certainly didn't have to request you or your group to be quiet. In consideration, there may have been an oversight or a misunderstanding by the Chaplain(s). If someone saw me entering the room, then it was from my typical routine when at OSP to meet and greet the group next door. I do know Chaplains are very supportive of our volunteers and programs. Though our interaction is due to our association with the same service time you always welcomed me and in my intrusion to say hi and greet you and the others. With Great Respect and Prayer for a speedy resolution to the matter at hand."

6)    The above violates the following Court rulings: The United States Supreme Court in Cutter v. Wilkinson, 544 U.S. 709 (2005), held: "[T]he `exercise of religion' often involves not only belief and profession but the performance of . . . physical acts [such as] assembling with others for a worship service ..." Id. 720. The Ninth Circuit in Greene v. Solano County Jail, 513 F.3d 982 (9th Cir.2008), held: "[J]ail's policy of prohibiting...a maximum security prisoner, from attending group religious worship services substantially burdened his ability to exercise his

religion." Id. 988; "[B]an on group worship substantially burdened inmate's religious exercise and noting that, "It is difficult to imagine a burden more substantial than banning an individual from engaging in a specific religious practice" Id.

7)    Their actions in closing the NOI Friday Prayer Service did not impact any individual because it impacted me and everyone attending the NOI Service. Thus, I'm suing them pursuant to FRCP 23 because the Class is so numerous that joinder is impractical; and there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the entire class; and I am fairly and adequately able to protect the interest of the class, and if I feel i cannot do such I will be requesting representation of suitable counsel.

## CLAIM 1a

I'm suing Chaplain Dennis Stalhnecker and Kuruna Thompson in their individual capacity for violating my 1st Amendment Establishment Clause Right was violated by Stalhnecker when they canceled the Friday Obligatory Congregational Nation of Islam Congregational Jumma Prayer Service from January 3rd, 2020, through April 3rd, 2020. My Right to attend the NOI Service without any Chaplin being Hostile towards my Religion by canceling the Service for 90 days was clearly established.

1)    I am re-alleging and incorporate paragraphs 1-6 from Claim 1 by reference to this Claim.

## CLAIM 2

The following civil right has been violated:

## CLASS ACTION ALLEGATION

I'm suing Dennis Stalhnecker and Kuruna Thompson in their individual capacity in a Class Action Claim for violating my and every NOI's AIC's 14th Amendment Equal Protection Rights when they blocked our Right to Worship and Practice our Religion when they canceled the Friday Obligatory Congregational Nation of Islam Jumma Prayer Service from January 3rd, 2020, through April 3rd, 2020. Our Right to receive Equal Treatment while attending the NOI Service like those who are practicing other Faiths was clearly established.

1)    I am re-alleging and incorporate paragraphs 1-6 from Claim 1 by reference to this Claim.

2)    This Court in Am. Humanist Ass'n. v. United States, 63 F.Supp.3d 1274 (D. Or. 2014), held:

> "Allowing followers of other faiths to join religious group meetings while denying [plaintiff] the same privilege is discrimination on the basis of religion.

Therefore, the court finds that plaintiffs have alleged sufficient facts to state an equal protection claim for relief that is plausible on its face." Id. 1284

## CLAIM 2a

The following civil right has been violated:

I'm suing Dennis Stalhnecker and Kuruna Thompson in their individual capacity for violating 14th Amendment Equal Protection Rights when they blocked my Right to Worship and Practice my Religion when they canceled the Friday Obligatory Congregational Nation of Islam Jumma Prayer Service from January 3rd, 2020, through April 3rd, 2020. My Right to receive Equal Treatment while attending the NOI Service like those who are practicing other Faiths was clearly established.

1)      I am re-alleging and incorporate paragraphs 1-6 from Claim 1, and paragraph 2 from Claim 2 by reference to this Claim.

## CLAIM 3

The following civil right has been violated:

## CLASS ACTION ALLEGATION

I'm suing Dennis Stalhnecker and Kuruna Thompson in their individual capacity in a Class Action Claim for violating my and every NOI's AIC's 1st Amendment Right to be Free to Exercise our Religion when they blocked our Right to Worship and Practice our Religion when they canceled the Friday Obligatory Congregational Nation of Islam Jumma Prayer Service from January 3rd, 2020, through April 3rd, 2020. Our Right to attend the NOI Prayer Service without them Disrespecting, Interfering, and canceling it for 90 days was clearly established.

1)      I am re-alleging and incorporate paragraph 1-6 from Claim 1 by reference to this Claim.

2)      The U.S Supreme Court in Cutter v. Wilkinson, 544 U.S 709, (2005), ruled that the Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people" Id. 719.

## CLAIM 3a

The following civil right has been violated:

I'm suing Dennis Stalhnecker and Kuruna Thompson in their individual capacity  for violating my 1st Amendment Right to be Free to Exercise my Religion when they blocked my Right to Worship and Practice my Religion when they canceled the Friday Obligatory Congregational Nation of Islam Jumma Prayer Service from January 3rd, 2020, through April 3rd, 2020, my Right to attend the NOI Prayer Service without them Disrespecting, Interfering, and canceling it for 90 days was clearly established.

1)    I am re-alleging and incorporate paragraph 1-6 from Claim 1, and paragraph 2 from Claim 3 by reference to this Claim.

## CLAIM 4

The following civil right has been violated:

### CLASS ACTION ALLEGATION

I'm suing Correctional Officer Stewart in his individual capacity in a Class Action Claim for violating my and every NOI AIC's 1st Amendment Freedom to Exercise our Religion when he knowingly and arbitrarily denied our Access to the NOI Religious Materials that are stored in the NOI Religious Material Storage Closet by refusing to open the NOI Religious Material Storage Closet during the Friday NOI Jumma Prayer Services beginning April 3rd, 2020, through July 2020, like he opened the Sunni Muslim Religious Material Storage Closet allowing the Sunni Muslim brothers access to their Religious Materials during said time. The NOI and Sunni Friday Jumma Prayer Services occur on the same day, i.e Friday, and time, i.e 1:00pm, and our respective Closets are next to each other.

1)    On April 23rd, 2020, I filed a 1 page grievance against C/O Stewart for refusing to open the NOI Religious Material Closet on April 10th, 2020, and April 17th, 2020, during the NOI Friday Jumma Congregational Prayer Service were I said in part (Exhibit4):

> "Every since our ninety day suspension has been up we've been treated with restrictions that weren't sanctioned by the Administration."

2)    The above conduct violates the 1st Amendment pursuant to the Ninth Circuit's case of *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916 (9th Cir. 2011) where the Court held found a substantial burden in violation of the 1st Amendment where whenever the government "block[s] [the adherent] from obtaining religious materials..." Id. 923. Furthermore, the U.S Supreme Court in Cutter v. Wilkinson, 544 U.S 709, (2005), ruled that the Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people" Id. 719.

3)    On April 28th, 2020, grievance coordinator Kidwell improperly screened it by denying it falsely alleging that the Chapel was closed during said time and that said conduct was not grievable (Exhibit 5). See this Court's ruling in *Galligar v. Nooth*, 2:12-cv-01891-PK, 2014 WL 4792924, at *8 (D. Or. July 29, 2014) ("However, since the defendants admit that Rule 291-109-0140(3)(e) is applied to effectively preclude grieving such conduct, they have not carried their burden of proving that [prisoner] failed to exhaust his available administrative remedies.")

4)      Sunni Muslim Micus Ward wrote a August 19th, 2020, Declaration swearing that since the NOI Service has been active since April 3rd, 2020, after the 90 day cancellation from January 3rd, 2020, through April 3rd, 2020, the NOI Closet has not been opened (Micus Ward's August 19th, 2020, Declaration Exhibit 6).

5)      Brother Justin Steward's October 26th, 2020, Declaration proves the above violation impacted other AIC's Access to the NOI Religious Materials in the NOI Closet (Exhibit 7).

## CLAIM 4a

The following civil right has been violated:

I'm suing Correctional Officer Stewart in his individual capacity in a Class Action Claim for violating my and every NOI AIC's 1st Amendment Freedom to Exercise my Religion when he knowingly and arbitrarily denied my Access to the NOI Religious Materials that are stored in the NOI Religious Material Storage Closet by refusing to open the NOI Religious Material Storage Closet during the Friday NOI Jumma Prayer Services beginning April 3rd, 2020, through July 2020, like he opened the Sunni Muslim Religious Material Storage Closet allowing the Sunni Muslim brothers access to their Religious Materials during said time. The NOI and Sunni Friday Jumma Prayer Services occur on the same day, i.e Friday, and time, i.e 1:00pm, and our respective Closets are next to each other.

1)      I am re-alleging and incorporate paragraph 1-5 from Claim 4 to this Claim.

## CLAIM 5

The following civil right has been violated:

I'm suing Correctional Officer Stewart in his individual capacity for violating my 1st Amendment Establishment Clause Rights when he knowingly and arbitrarily denied my Access to the NOI Religious Materials that are stored in the NOI Religious Material Storage Closet by refusing to open the NOI Religious Material Storage Closet during the Friday NOI Jumma Prayer Services beginning April 3rd, 2020, through July 2020, like he opened the Sunni Muslim Religious Material Storage Closet allowing the Sunni Muslim brothers access to their Religious Materials during said time. Both the NOI and Sunni Friday Jumma Prayer Services occur on the same day, i.e Friday, and time, i.e 1:00pm, and our respective Closets are next to each other.

1)      I am re-alleging and incorporate paragraphs 1-5 from Claim 4 by reference to this Claim.

2)      The Establishment Clause, states that "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. The clause "means at least 'that [n]either a state nor the Federal Government ... can pass laws which aid one religion, aid all religions, or prefer one religion over another.' " *Hartmann v. California Dep't of Corr. & Rehab.,* 707 F.3d 1114,

1125 (9th Cir.2013). Prohibited government action includes that which "foster[s] a pervasive bias or hostility to religion, which could undermine the very neutrality the Establishment Clause requires." <u>Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819</u>, 845-46 (1995); see also Board of Ed. of Westside Community Schools (Dist. 66) v. Mergens, 496 U.S. 226, 248 (1990) (government action must demonstrate neutrality toward religion, not "hostility toward religion."). This Court in Am. Humanist Ass'n. United States, 63 F.Supp.3d 1274 (D. Or. 2014), stated in relevant part: "[T]he Establishment Clause may be violated even without a substantial burden on religious practice." Id 1285.

CLAIM 5a

The following civil right has been violated:

CLASS ACTION ALLEGATION

On be-half of the NOI's AIC's in OSP I'm suing Correctional Officer Stewart in his individual capacity in a Class Action Claim for violating my and every NOI AIC's 1st Amendment Establishment Clause Rights when he knowingly and arbitrarily denied my and every NOI AIC's Access to the NOI Religious Materials that are stored in the NOI Religious Material Storage Closet by refusing to open the NOI Religious Material Storage Closet during the Friday NOI Jumma Prayer Services beginning April 3rd, 2020, through July 2020, like he opened the Sunni Muslim Religious Material Storage Closet allowing the Sunni Muslim brothers access to their Religious Materials during said time. Both the NOI and Sunni Friday Jumma Prayer Services occur on the same day, i.e Friday, and time, i.e 1:00pm, and our respective Closets are next to each other.

1)    I am re-alleging and incorporate paragraphs 1-5 from Claim 4, and paragraph 2 from Claim 5 by reference to this Claim.

CLAIM 6

The following civil right has been violated:

CLASS ACTION ALLEGATION

I'm suing Correctional Officer Stewart in his individual capacity in a Class Action Claim for violating my and every NOI AIC's for violating my 14th Amendment Equal Protection Rights when he knowingly and arbitrarily denied my and every NOI AIC's Access to the NOI Religious Materials that are stored in the NOI Religious Material Storage Closet during the Friday NOI Jumma Prayer Services beginning April 3rd, 2020, through July 2020, like he opened the Sunni Muslim Religious Material Storage Closet allowing the Sunni Muslim brothers access to their Religious Materials during said time. Both the NOI and Sunni Friday Jumma Prayer Services occur on the same day, i.e Friday, and time, i.e 1:00pm, and our respective Closets are next to each other.

1)   I am re-alleging and incorporate paragraphs 1-5 from Claim 4 by reference to this Claim.

2)   The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides in part: ". . . nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." A prisoner is entitled to "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts."Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008)(quoting Cruz v. Beto, 405 U.S. 319, 321-322, (1972).


CLAIM 6a

The following civil right has been violated:

I'm suing Correctional Officer Stewart in his individual capacity for violating my 14th Amendment Equal Protection Rights when he knowingly and arbitrarily denied my Access to the NOI Religious Materials that are stored in the NOI Religious Material Storage Closet by refusing to open the NOI Religious Material Storage Closet during the Friday NOI Jumma Prayer Services beginning April 3rd, 2020, through July 2020, like he opened the Sunni Muslim Religious Material Storage Closet allowing the Sunni Muslim brothers access to their Religious Materials during said time. Both the NOI and Sunni Friday Jumma Prayer Services occur on the same day, i.e Friday, and time, i.e 1:00pm, and our respective Closets are next to each other.

ALCS who are apart of this Class Action can be determined by the ALCS who attend the Friday N.O.I. Prayer Service (Exhibit 3) FRCP RULE 23(a)(1), "Class must be so numerous that joinder of all class members is impracticable. 23(a)(2) "There must be questions of law or fact common to the class members on you. Failure to open the N.O.I. Rel. Clos. during the N.O.I. Congregation Prayer Service is a common issue which is violating Civil Rights. Thus the forementioned also satisfy 23(a)(3) requirement in FRCP (A)(3) because the Claims of the Plaintiff has a common element of fact and law because the claim arise from the same Unconstitutional conduct that gives rise to the Claims of the prepared Class members. 23(a)(4) The representative parties must fairly and adequately protect the interest of the Class is satisfied where plaintiff and every A.L.C. who attends the N.O.I. Prayer Services has common interests and will vigorously prosecute the interest of the class through qualified counsel appointed by the court.

This Litigation Satisfy FRCP 23(b)(1) because permitting separate actions involving class members risk inconsistent or varying adjudications.

This Litigation satisfy FRCP 23(b)(1) because common questions predominate over questions affecting individuals and a Class Action is superior to individual law suit.

Damages Chaplin Thompson 400.00 each Class member
Chaplain Schneider 200.00 each Class member
C.O. Stewart 20.00 Each Class member

**"I HEREBY DECLARE THAT THE ABOVE STATEMENTS IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."**

Dated this 1st day of April 2020.

Respectfully Submitted

Joseph Eugene Allen

*Exhibit 1*

## GRIEVANCE RESPONSE FORM

**TO BE FILLED OUT BY STAFF**                                    **Grievance:** #OSP_2020_01_039

TO:    Allen, Joseph                                16202876
          Name of grievant                              SID #

FROM: Karuna Thompson & Dennis Stahlnecker        Chaplains
          Name of respondent                            Title

List, in detail, action(s) taken. (What action was taken? Was the action what the inmate requested? If not, why? Who took the action? When was the action taken – date/time?)

On December 31st, due to noise issues and issues of disrespectful language at a high volume continuing from August of 2019 through December of 2019 the Nation of Islam group was suspended due to safety and security concerns. Because this was a group issue and not the behavior of a single individual the whole group was suspended. During the suspension each individual on the roster is being sent the weekly khutba (prayer) and is being provided opportunity to shower at mid-day before they say their prayers. The only suspension is the corporate prayer that has caused continuous disturbance. It is our intention to provide the least restrictive means of practice for members of this community that adhere to the safe and secure operations of our area. Attached please find a copy of the memo sent to all men on the roster.

                                        Do not type past this line

2/21/20
Date:

                                                                    Signature of Staff Member

| Receiving Facility (if not processing facility) | Received at Processing Facility | Sent to Inmate SENT MAR 06 2020 | Stuart Young |
|---|---|---|---|
| | | | Signature of Supervisor (Print/Sign) |
| | | OSP/MCCF GRIEVANCE OFFICE | Distribution: White (Original grievance response form) |
| Date Stamp | Date Stamp | Date Stamp | |

                                                                    CD117B (10/19)

~~EXHIBIT V~~ *Exhibit*
*2*
**GRIEVANCE RESPONSE FORM**

**TO BE FILLED OUT BY STAFF**                    <u>Grievance #: OSP-2019-11-002</u>

TO:    <u>Douglas, Damien</u>                        <u>10131425</u>
        Name of grievant                            SID #

FROM: <u>Chaplain Stahlnecker</u>                    <u>Chaplain</u>
        Name of respondent                          Title

List, in detail, action(s) taken. (What action was taken? Was the action what the inmate requested? If not, why? Who took the action? When was the action taken – date/time?)

On October 18th at some time after 1300 hrs, Mr. Douglas and one other Adult in custody went into their assigned room to do their Jumma Prayer. They were the only people in this room. Mr. Douglas and the other AIC were being very loud and using vulgar language as they went into their room. The volunteer in the room next door went to the room and politely asked Mr. Douglas and the other AIC to please be quiet. It should be mentioned this has happened many times in the past on numerous occasions, and Mr. Douglas was warned about extreme noise. On this occasion, Chaplain Thompson saw what happened, and told Mr. Douglas and the other AIC that they had 15 minutes to complete their prayer time. It should be mentioned that they were actually given more than 15 minutes to read their sermon before I (Chaplain Stahlnecker) let them know their time was up. If Mr. Douglas continues to be loud and disruptive in his chapel service, he will be escorted out of the chapel area.

**Do not type past this line**

12-13-19

~~Click here to enter a date.~~
Date:                                                Signature of Staff Member

                                                    Stuart Young

Sent @amled T
DEC 2 0 2019

Signature of Supervisor (Print/Sign)

OSP/MCCF GRIEVANCE OFFICE Distribution:
White (Original grievance response form)

| Receiving Facility (if not processing facility) | Received at Processing Facility | Sent @amled T |
|---|---|---|
| Date Stamp | Date Stamp | Date Stamp |

CD117B (10/19)

Exhibit
9 3

January 27, 2020

Dameion,

First, let me say, I couldn't have been written a letter by a nicer person that I have known as a casual acquaintance. I received your letter yesterday. When I saw the letter was from OSP I didn't recognize the name. A picture speaks a thousand words though and I would recognize you anywhere. I will commit your name to memory, certainly your last name shouldn't be too difficult!

There certainly is a misunderstanding, and I will do what I am able. IF anything, I was concerned that I was the one that was loud. I've always greeted you and those that meet next to our service with the utmost respect and consideration.

AS we share a room separated by a folding wall, I know our exuberance can be heard as well and I don't want to disrespect your time of meeting.

Chaplain Dennis is my direct supervisor over our service time and schedule, and when our Primary volunteer, Tommy Hoover, is not able to make the service, Tommy will ask me to fill-in.

IN reviewing my calendar, I was at OSP on October 18, 2019 and filling in for Tommy Hoover. I haven't ever had to ask you or your group to be quiet, in fact, as stated I make it my duty out of respect to greet and request your consideration if I am getting too loud. I don't recall anything out of the ordinary that day and I certainly didn't have to request you or your group to be quiet.

In consideration, there may have been an oversight or a misunderstanding by the Chaplain(s). If someone saw me entering the room, then it was from my typical routine when at OSP to meet and greet the group next door. I do know Chaplains are very supportive of our volunteers and programs.

Though our interaction is due to our association with the same service time you have always welcomed me and in my intrusion to say hi and greet you and the others.

With Great Respect and Prayer for a speedy resolution to the matter at hand,

Doug Lethin, DOC Volunteer

*Exhibit 4*

Grievance # OSP-2020-0420

**GRIEVANCE FORM**

*Official Use Only*     *Resubmit*

Name: Allen       Joseph       E       16202876       222 D B

Last       First       Initial       SID#       Cell/Block/Bunk #

Whom are you grieving: C/O Stewart

Please provide the date/time of incident giving rise to grievance: 4-10-20 / 4-17-20

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

I'm grieving C/O Stewart for Knowingly denying me the Access too Religious Materials. by requiring to Open the N.O.I. Religious Material Storage Closet on 4/10/20 - 4/17/20 at Jumma Prayer Service. It seems intentional due too the fact that he has been opening the Sunni Muslim Closet faithfully and our N.O.I. Closet is connected too the other Closet. Ever since our ninety day probation has been up we've been treated with restrictions that weren't sactioned by the Admin. as far as I know.

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

Give us what we have coming.

4-23-20
Date

*Joseph Allen*
Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility **RECEIVED** **APR 27 2020** OSP/MCCF GRIEVANCE OFFICE | Accepted/Denied/RFC **DENIED** **APR 28 2020** OSP/MCCF GRIEVANCE OFFICE | Accepted/Denied/RFC |
|---|---|---|---|
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |





# Oregon Department of Corrections (ODOC)
## Oregon State Penitentiary
### Grievance - Denied

| | | | | |
|---|---|---|---|---|
| **To:** | Allen, Joseph Eugene | **SID #:** | 16202876 | **Cell:** OSP:D-222B |
| **From:** | Kidwell, A | **Date:** | 04/28/2020 | |

**Re:**   Non-Medical# OSP_2020_04_090

The grievance you submitted is being returned to you due to non-compliance with the Department of Corrections (DOC) Rule #109 (Grievance Review System) for the following reason(s):

Your grievance has not demonstrated how it qualifies under 291-109-0210. You have not demonstrated misapplication of departmental policies, rules, or other directives, unprofessional actions of department employees, volunteers, or contractors, inadequate medical or mental health treatment, sexual abuse or sexual harassment or excessive use of force by department employees.

Per AIC newsletter the Chapel is closed due to Covid-19 protocol and communications regarding religious services should be sent to Chaplain Stahlnecker.

If you have any questions regarding your grievance, please refer to the Department of Corrections Administrative Rule "Grievance Review System" tab #109 located in the legal library or kyte your institution Grievance/Discrimination Complaint Coordinator.

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

Exhibit 6



**DECLARATION**
(ORCP Rule 1E)

I, Micus Ward , do declare that:

I am a practicing Sunni Muslim Inmate housed in
O.S.P who attends the Days for Sunni (Friday) Jumma
Congregational prayer Service every Friday, During every
Jumma Service I have access to Sunni religious
material thats stored in the Sunni Muslim religious
Material closet because its wide open. The N.O.I relig-
ious material closet is next to the Sunni Closet and has
not been open during Jumma since the N.O.I Jumma
prayer Service has been back operating from being cancelled
for 90 days From Jan Through April The N.O.I religious
material closet used to be opened every Friday.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 19 day of August , 20 20.

_____
(Signature)

Print Name: Micus Ward
S.I.D. No. 20345287

Page 1 of 1–Declaration                                    Form 04.015

*Exhibit 7*

## DECLARATION
(ORCP Rule 1E)

I, _Justin Steward_____, do declare that:

I have been attending the "NOI" Religious Service sinc approx 4-15-20
¿ every Friday the NOI religious closet is closed, however the sunni
muslim religious closet is wide open ¿ is right next to the NOI
Closet. By chaplian Thompson ordering the chapel officer MR Foster
not ~~go to~~ to open the NOI closet is causing me not to grow spirituary
because I cannot access the NOI religious materials that are in
the NOI closet. Every friday I do receive a copy of the honorable
Louis farakhane weekly serman. However what I need is the NOI
Booths, religious instructions, Holy Quran, ect ¿ the thursday religious library
is currently not open because of covid.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this _26th_ day of _October_____, 20_20_.

_____
(Signature)

Print Name: _Justin Steward_____
S.I.D. No. _21349571_____

# RELIGIOUS SERVICES ROSTER

PROGRAM: **RELISVCS**   SECTION: **NOI JUMMA**   DAY: **Fri**   CYCLE: **Every**   CAPACITY: **50**

DESCRIPTION: NOI JUMMA PRAYER   START TIME: **1:00 PM**   END TIME: **3:00 PM**   ENROLLED: **14**

| | | | |
|---|---|---|---|
| ☐ | E333A | 16202876 | ALLEN, JOSEPH |
| ☐ | ▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ | |
| ☐ | C305B | 16362422 | BOYD, ROBERT |
| ☐ | C170B | 10957460 | CARTER, ANTONIO |
| ☐ | E432 | 10131429 | DOUGLAS, DAMIEN |
| ☐ | E551 | 14721651 | HARRIS, QUENTIN |
| ☐ | E288A | 12614513 | MOON, MEDERO |
| ☐ | E436 | 18671280 | ODOM, ALONZO |
| ☐ | E427 | 17944017 | RANKINS, DANA |
| ☐ | C319B | 21349571 | STEWARD, JUSTIN |
| ☐ | ▓▓▓▓ | ▓▓▓▓▓▓▓▓▓ | |
| ☐ | ▓▓▓▓ | ▓▓▓▓▓▓▓ | |
| ☐ | E575 | 18109515 | WHITE, FRANKIE |
| ☐ | C467A | 16087527 | WILLIAMS, IMANI |

# DECLARATION OF SERVICE
(ORCP Rule 1E)

I, Joseph Eugene Allen, do declare that:

On todays date of April 1st 2022, I mailed the Original Class Action "lawsuit" with 3 Summons to the following Court:

U.S. District Court - Portland Division

1000 SW 3rd  Portland, Oregon 97204

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 1st day of April, 20 22.

Joseph Eugene Allen
(Signature)

Print Name: Joseph Eugene Allen
S.I.D. No. #202826

Form 04.015