IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOSEPH EUGENE ALLEN,**

    Plaintiff,

v.

**CHAPLAIN THOMPSON et al.,**

    Defendants.

No. 6:22-cv-00542-YY

OPINION AND ORDER

**MOSMAN, J.,**

On October 7 2022, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F&R") [ECF 22], recommending that Defendants' Motion to Dismiss Class Action Allegation Verified Complaint [ECF 14] ("Partial Motion to Dismiss") be granted. Neither party filed objections. I agree with Judge You's recommendation, but write further to more fully explain my reasoning.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

1 – OPINION AND ORDER

is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

As the F&R ably describes, pro se Plaintiff Joseph Eugene Allen filed this action against several correctional officers and chaplains. The suit alleges that the Nation of Islam's ("NOI") Friday prayer services in prison were improperly cancelled, resulting in various constitutional violations. His complaint contains the label "CLASS ACTION ALLEGATION" in its heading and appears, at first glance, to be a class action containing six claims. *See* D. Or. LR 23-1 (requiring the first line of any document proposing or seeking to maintain a class action to include such language).

However, the complaint actually consists of twelve claims. They are numbered one through six, with each number having two claims, e.g., "Claim 1" and "Claim 1a." The first claim in each numbered pair is Plaintiff's attempt to bring a class action claim for that violation. These claims—for example, "Claim 1"—are labeled "CLASS ACTION ALLEGATION" at the start of each claim. These claims also all begin with the same language: "I'm suing [Defendants] . . . in a Class Action Claim for violating my and every NOI's . . ." followed by the right allegedly violated. *See, e.g.*, Compl. [ECF 1] at 5 ("I'm suing [Defendants] . . . in a Class Action Claim for violating my and every NOI's . . . "1st Amendment Establishment Clause Right . . . ."). The second claim in each pair—for example, "Claim 1a"—is an individual version of the same claimed violation.

2 – OPINION AND ORDER

They also all begin with the same language: "I'm suing [Defendants] . . . for violating [my rights]" without the class action language.

Defendants moved to dismiss. Plaintiff responded, noting that he had included six individual and six class action claims in the complaint. Defendants' reply clarified that they were moving to dismiss the class action claims. The F&R dismissed Plaintiff's class action claims.

## DISCUSSION

Courts must construe pro se pleadings liberally and give plaintiffs the benefit of the doubt. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). As such, Judge You rightfully dismissed only Plaintiff's class action claims and kept Plaintiff's individual claims alive. And regardless of whether a pro se litigant can bring a class action, Plaintiff's purported class action claims fail as a matter of law to satisfy at least two essential requirements—numerosity and superiority. Among other requirements, a plaintiff may only sue as a representative of a class if the class is (i) so numerous that joinder of all members is impracticable and (ii) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(a)(1), (b)(3).

Here, Plaintiff attached to his complaint a list of approximately eleven persons who attend NOI's Friday prayer services. Compl. [ECF 1], Ex. 8. Plaintiff's alleged class action claims thus fail the numerosity requirement, because joinder of a dozen or so NOI members is not impracticable. Fed. R. Civ. P. 23(a)(1). Similarly, because NOI members could be joined in a single suit, a class action is not superior to other available methods for fairly adjudicating the claims at stake. Fed. R. Civ. P. 23(b)(3). It is therefore not subject to factual dispute that Plaintiff's class actions claims must fail as a matter of law and should be dismissed.

3 – OPINION AND ORDER

## CONCLUSION

Upon review, I agree with Judge You's recommendation, and I ADOPT the F&R [ECF 22] as my own opinion, with the additional analysis above. Defendants' Partial Motion to Dismiss [ECF 14] is GRANTED as to Claims 1, 2, 3, 4, 5, and 6. I DISMISS those purported class-action claims with prejudice. Plaintiffs' individual claims—Claims 1a, 2a, 3a, 4a, 5a, and 6a—remain.

IT IS SO ORDERED.

DATED this 9th day of January, 2023.

_____
MICHAEL W. MOSMAN
Senior United States District Judge